USA v. Chappell                          CV-98-524-M    08/25/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America,
     Plaintiff

     v.                                    Civil No. 98-524-M
                                           Opinion No. 2000 DNH 189
Ronald C. Chappell and
Susan L. Chappell,
     Defendants


**O R D E R**


     After foreclosing on the farm owned by defendants Ronald and

Susan Chappell, the United States, through the Farm Service

Agency ("FSA"), a successor to the Farmers Home Administration

("FmHA"), filed this action seeking a deficiency judgment.  By

order dated July 15, 2000, the court denied, without prejudice,

the government's motion for summary judgment as to its claimed

entitlement to approximately $140,000, plus accumulating

interest.


     In denying the government's motion, the court observed that

the record was insufficiently developed for it to conclude, as a

matter of law, that the government acted in a reasonable and timely manner in conducting the foreclosure on defendants' farm.

> While there appears little doubt that defendants are, in fact, obligated to repay at least a portion of the outstanding amount claimed by the government, the precise amount owed remains uncertain. That uncertainty arises from issues concerning the timing of some of the government's actions in this case. For example, the following question presents itself: Whether the government had an obligation to preserve the value of the assets securing defendants' obligations (i.e., the farm, structures, equipment, cattle, and related assets) by acting in a more timely fashion to foreclose upon those assets.

> * * *

> To be sure, there may be entirely plausible, reasonable, and even laudatory reasons why the government did not foreclose on the farm sooner. On that point, however, the record is silent.

United States v. Chappell, No. 98-524, slip op. at 6-7 (D.N.H. July 15, 2000).

In response, the government has moved the court to reconsider its earlier denial of its motion for summary judgment. Defendants have not objected. In support of its motion, the

2

government has submitted the affidavit of Patrick Freeman, Farm Loan Chief of the Farm Service Agency. In that affidavit, Mr. Freeman addresses each of the factual questions raised in the court's prior order. That affidavit, along with additional documentation submitted by the government, reveals that the government complied with its regulatory obligations to defendants and afforded them substantial assistance aimed at making the farm profitable. Only when it became clear that defendants could not devise a means by which to honor their obligations to the government, did the government declare them in default, accelerate their payment obligations, and, finally, foreclose on the farm. Mr. Freeman's affidavit makes it clear that all such actions were taken in a timely manner.[1] Even after the

---

[1] Mr. Freeman's affidavit provides a detailed chronology of the events relating to the servicing of defendants' account. It also explains that the government's efforts to foreclose on defendants' property were delayed due to a stay issued in a nationwide class action, issues raised by Congress's enactment of the Food, Agriculture, Conservation, and Trade Act of 1990, Secretary Espy's announcement, in May of 1993, of a temporary moratorium on farm foreclosures, and defendants' pursuit, as was their right, of various administrative and appellate rights aimed at maintaining the farm and preventing foreclosure.

foreclosure, the government attempted to negotiate a settlement with defendants, but it appears that defendants were less than fully cooperative.

> Following the foreclosure sale and in accordance with agency regulations, FmHA further serviced this account by offering to debt settle the remaining balance on the family's account, but they have refused to provide financial information for that purpose, including information about assets rumored to be held in trust for Ron Chappell.

Affidavit of Patrick Freeman, at 12.

Through its supplemental submissions, the government has demonstrated that it acted in a reasonable and timely fashion in servicing defendants' loan and, when appropriate, declaring defendants in default, accelerating their obligations, and foreclosing on the farm pledged as security for their various loans. In fact, defendants have not challenged the timeliness or commercial reasonableness of the government's foreclosure. See generally Defendants' objection to plaintiff's (original) motion for summary judgment (document no. 19).

4

## Conclusion

The government's motion for reconsideration (document no. 21) is granted. Having reviewed that motion and accompanying submissions, the court concludes that the government has addressed each of the outstanding issues identified in the court's prior order and has demonstrated its entitlement to judgment as a matter of law with regard to its deficiency action against defendants. Accordingly, the government's motion for summary judgment (document no. 11) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 25, 2000

cc:  David L. Broderick, Esq.
     Ronald C. Chappell
     Susan L. Chappell